Good morning. And may it please the court, I'm Assistant Federal Defender Craig Jerome on behalf of the appellant Ronald Eguchi, Jr. There are four areas that I'd like to get into this morning. The first two are obviously addressing the two questions that the court posed in the clerk's order. The third point I would like to address is even if this court decides that some evidence is a constitutionally adequate standard, that standard still requires that the evidence bear sufficient indicia of reliability. And in this case, there were not sufficient indicia of reliability even under that standard. The fourth point is that even if the sum evidence standard applies to factual determinations precipitating the lifting of abeyance, Mr. Eguchi was still constitutionally entitled to due process in the form of sufficient notice and an opportunity to respond to the allegations which he did not receive in this case. Counsel, this is an interesting and challenging case where you have the district judge having taken the, I guess, the admission of your client to five previous violations, but you have a parole officer that's sympathetic. She says, you know, I'm going to rely on your parole officer. I'm going to hold these in abeyance. From your perspective, based on case law, what due process is your client entitled to if the district judge changes her mind? What notice is required? What exact due process is he entitled to? Well, I guess the question, the first question is, does Mr. Eguchi have a constitutionally protected interest or liberty interest in remaining on release while the violations are held in abeyance? And we believe he does. The district court seemed to get caught up in this idea that because he didn't have a constitutional right to abeyance in the first place, that meant that he had no constitutional right to continue to abeyance. We don't believe that's correct. We point to the parole situation where defendants, obviously, or inmates obviously have no constitutionally protected right to be released on parole, but once parole is granted, they then have a constitutionally protected right to remain on parole. The same thing. Do you have a case or cases that will buttress what you've just indicated? As far as parole and good time credit? No. Wolfie McDonald, Landy Salazar, which is a Ninth Circuit case, as well as Superintendent versus Hill, which is the case that the court cited in its order, asking us to answer the two questions. Your view is that there needs to be some intervening circumstance, some change in circumstance between the decision that was made to hold the violations in abeyance and the decision to revoke? Yes. We believe the court needs to have some reason to revoke beyond just a simple change of mind, either the change of mind of the judge or the change of mind of the probation officer at DCV. Obviously, there was something that intervened, namely your client's arrest, but you don't think that that was adequate, and why is that not an adequate intervening circumstance? That would be adequate if the court or the government had proven or found that Mr. Iguchi was arrested based on something that he actually did. What if the judge had said at the time that she decided to hold the initial violations in abeyance, she had said to your client in no uncertain terms, listen, I never do this, this is the first time I've ever done this, I'm granting you an extraordinary reprieve here, if you do anything wrong, if you so much as get arrested, I don't even care if it's a legitimate arrest or not, if you so much as get arrested, again, you're done, I'm going to send you away. If your client had received that kind of notice and we have the same facts here, would you say that he could then be revoked at that point? Well, I think we would still object to that condition as an unconstitutional condition, but at least then Mr. Iguchi would have had notice. Why would it be unconstitutional? Because I don't think it's constitutional to impose a condition on a defendant that's outside of the defendant's control. You know, I don't think you could have a condition that says, you know, I'm going to hold these violations in abeyance, but if your wife smokes methamphetamine, I'm going to revoke you. Because the defendant obviously has no control over whether or not he gets arrested, an arrest for which there was no probable cause certainly wouldn't point to something that the defendant had done. So, you know, our position is... I get why you would like it to be a requirement, but you're saying that there can be no condition that is not tied to what the defendant controls? There can't be any third-party requirement, even though it might bear substantially on what your client had been sentenced for in the first place? No, I don't think you can have a... For example, you know, here there was an association issue that didn't prove out, but, you know, say his old friend, a big drug dealer, I'm just making this up, comes in, comes to his house, got a whole bag full of heroin, and he talks to him. That's not under your client's control, but would that be enough to trigger a revaluation of the advance in this case? I don't think so. I mean, there was nothing that the defendant did. I mean, that's essentially the allegation that was charged in this case, is that he associated with a felon, but we pointed out that couldn't be proven, and the government conceded. I'm just saying, let's say that they could prove it, would that be enough? If they could prove that he associated with a felon and violated the terms he knowingly associated with a felon, I think that would be enough to rescind advance. That's a subsequent violation. What if he didn't have anything to do with the felon showing up? He just shows up on the porch, and he's arrested? Well, I mean, to prove a violation of knowing association, there has to be some actual association, which means if you run into somebody in a public area, or somebody shows up your house, and you tell them, look, you've got to leave, I can't be around you, that's not a violation. So the knowing part solves that problem, then? I believe so, your honor. I'm sorry to keep throwing out hypotheticals that maybe are a little silly, but somewhat close to the facts here. What if the judge says, listen, the only reason I'm granting you this reprieve this time is because your probation officer has indicated that he or she has confidence in your ability to be reformed. If you do anything that causes that situation to change, such that the probation officer now comes back to me and says, listen, I've given up, at that point, sir, you will be revoked. Would that, again, would that be sufficient to notice of a lawful condition that the judge could impose? Because that's kind of what happened here. That may be sufficient notice, but I believe that the probation officer would still need some non-arbitrary reason for changing his or her mind about the continued abeyance. And the reasons underlying that change of mind would have to be proven by some standard. So it couldn't just be, you know, the probation officer woke up today, decided, he read an article in the newspaper that talked about how many people fail on parole or supervised release. He no longer believes in parole or supervised release as a concept. So I don't believe we should continue Mr. Gucci on supervised release in this case. These are aspirational views on your part, or do you think there's case laws to substantiate that? Well, I don't, we haven't found any specific cases that deal with the specific situation that presents itself in this case, hopefully because it's a fairly rare situation. So our position is that there needs to be some non-arbitrary reason that's related to the goals of supervision and is supported by reliable, verifiable facts. That's our answer to the first question. As far as the second question goes, you know, the way the second question is formed, it makes it appear, and I could be wrong, that the court is considering whether or not some evidence standard should apply in this case. And we don't believe it should, and the reason we don't believe it should is because that standard was developed for a specific set of facts and a specific set of exigencies that are not present here. That standard developed around administrative decisions made by administrative boards, such as parole boards, and specifically in Superintendent B. Hill, it related to the exigencies that are present in the prison population, where you're worried about the safety of inmates, the safety of correctional officers, the fact that nobody's represented by an attorney, the fact that you need to show deference to the parole board. All of these things are present in that case that make it so that that is not constitutionally adequate in this case. We believe it needs to be the preponderance of the evidence. I'll save the rest of your time. Yes, thank you, Your Honor. Let's hear it from the government. Good morning. Morning. May it please the Court, Sarah Yabe on behalf of the United States. Mr. Iguchi was sentenced on five serious violations of his supervised release. The only thing that happened here is that the district court postponed revocation for three months to give Mr. Iguchi a chance. That postponement of the revocation hearing is what the district court called abeyance. And abeyance isn't some magical term. It just means... Help me with the facts here. You're saying that there was an explicit understanding that the abeyance was only for three months? That the abeyance would last for three months and then the parties would come together at the November 26th hearing and that it was a continuation of the revocation proceedings. So it was just a matter of scheduling. No decision had been made with regard to how the court would rule on those five violations. So abeyance, in other words, is a continuance of the revocation proceeding, a postponement of the district court's judge's ruling with regard to those five violations. This is interesting. So I had apparently misunderstood. I thought that Judge Mulway had basically said, I'm going to rely on your parole officer and we're going to hold these in abeyance. But there was no time framework on it. I mean, there's going to be a later hearing, but there was no time framework to drop it out. Then you have the charges, the sixth charge that brought about the... as a result of his alleged association with felon and so on. Those were not proven. So we have a situation here now where we've got an abeyance. You say it was for three months. And your opponent says, well, you know, there was nothing new. Nothing was proven. We're right back where we started from and there's got to be some kind of due process before Judge Mulway or whomever can revoke the abeyance. In the abstract, do you agree with that? No, Your Honor. And the reason being, the short answer, Your Honor, is because, and I think this is related to the first question that the panel asked, why no reason is required to take a violation out of abeyance. Abeyance is essentially a continuance of the revocation proceeding. Everything necessary to establish a supervised release violation has already been established. So that was established back in August 20th when Mr. Iguchi had admitted to the five serious violations. And there's no question that on that date, the district court could have immediately revoked Mr. Iguchi's supervised release. What she did was she placed those violations in abeyance, postponed making a ruling with regard to them. No standard is necessary to dissolve the abeyance, Your Honor. But I guess, I thought, maybe as Judge Smith did, that the abeyance was basically indefinite. There wasn't any time frame put on it. Yes, Your Honor. So with regard to the specific time frame of the abeyance, and that is true that there was not a definite expiration with regard to the abeyance status, but there was a hearing where the parties were going to come together and the court was going to check in on Mr. Iguchi's progress. And that's a continuation of the revocation proceeding.  And let's say the defendant had conducted himself perfectly, had done everything the probation office asked, not gotten in any further trouble. The judge couldn't just come in and say for some arbitrary reason, like, I'm in a bad mood today, Mr. Iguchi, you're going away. I assume you don't think that that would be proper. Your Honor, because the government's position is that it's a continuation of the revocation proceeding, the court does have the authority to lift the abeyance in that situation, revoke an imposed sentence. The court would then be reviewing. The judge just looks at the defendant and says, you know what, I don't like what you're wearing today. That's enough for me. You're going away for 18 months. I assume that can't possibly be lawful. And that would be reviewed for an abuse of discretion, whether or not in that situation, when the court sentenced Mr. Iguchi on the five admitted violations, nothing had changed was the revocation and the sentence that she imposed under those circumstances an abuse of discretion. But there's got to be a standard that you're going to look to see whether it's abuse. So you're saying no notice is required, no standard, no level of evidence, whether it's some evidence or something else? With regard to the timing of when the revocations recommence, because it's a matter of scheduling, no reasons are required. With respect, I think my colleague and I are both struggling with this concept of the three-month concept. My understanding was this was an indefinite abeyance. So let's just argue when to take that for a moment. Say there was no scheduling that was going to come up where she was just going to check and see how he was doing. You've got an indefinite abeyance. He clearly had the five earlier violations. Had she chosen to sentence him based on those, no problem. Everybody agrees with that. The problem is she said, you know, we're going to rely on your parole officer. I have a good feeling about this. I'm going to let this go. So there's an abeyance. It's a legal point. He has some constitutional right in it, right? Do you agree with your colleague that he has a constitutional interest, a liberty interest in that abeyance? No, Your Honor. And I think that's where one of the fundamental points of disagreement lay in this case is that at the time when the court places the violations in abeyance and continues the revocation proceeding or holds it in abeyance, there isn't a liberty interest that's created in that circumstance. And the cases that the appellant relies on with regard to the good time credit situation, it's a state statutory scheme that's creating that liberty interest and why further procedures are required before you revoke. But that's in that context. So here we have a situation. I would think that the very concept of liberty is to be free of being in jail. And this gives this judge, he's going to send him back to jail. That's a pretty strong liberty interest, isn't it? It is a strong liberty interest, Your Honor. And I think that it goes back to what is abeyance? It's just a time for the defendant to prove himself, but it doesn't tie the district court's hands in any way. There's where we're struggling. I think both of us are. Yes, it's a chance for the district judge to look at it, but on what condition can the district judge revoke it? I gather you agreed with what my colleague said. She couldn't just come in and say, I don't like that shirt you're wearing today, you're going to jail. There's got to be some standard. What is it? So our position is that with regard to the lifting of abeyance, there's nothing magical that has to happen when she schedules the timing of the lifting of abeyance. The revocation, the sentence is going to be reviewed for an abuse of discretion. But it appears that this court is inclined to find that there should be a standard and reasons should apply. So if reasons are required, Your Honor, then those reasons should not be arbitrary and capricious, if a standard is necessary. What's wrong with the regime that your opponent has proposed? Which is simply, and I think the position has changed between the time that you all were before Judge Mulway and the briefing here. But I think the position is that the judge just needs to give the defendant notice of the specific things that he or she could do wrong that would trigger the judge not being so lenient. And here, I guess, it just seemed like that didn't happen. The judge did say you better not lie again to your probation officer, but there's no charge that he did that. You better not commit any further violations of the terms of supervised release. But again, you weren't able to prove that. So those are the only two explicit conditions that I heard the judge sort of tell him. Like, I'm giving you a real break here. You better not do either of these things or else. But he didn't do either of those things. And to briefly respond to that question, Your Honor, the court didn't say the only time I'm not going to revoke you is if you don't lie, if there's no other violation proven. She didn't create that expectation. She just generally told him, don't lie to your probation officer, follow the conditions of release. But what's wrong with the regime that would require the judge to specify? Like, these are the conditions under which I'm giving you this sort of grant of leniency. And I think that the response is found in the record with regard to Judge Mulway's comments that under that type of regime, district courts are not going to want to take that chance to hold the violations in abeyance because they're going to be deprived of the opportunity to course correct in this area of supervised release. Well, that may be. But do you not agree that at the very least there has to be some kind of notice as to what would terminate the abeyance? Some type of notice. Now, doesn't in this case, Mr. Gucci, have to be informed by the court what would have to happen to terminate this abeyance? No, Your Honor, because it's just a matter of scheduling. Now, with regard to the... You go back to scheduling. Let's assume there's no scheduling. She never wanted to see him again. She just puts this abeyance on. So then, what's the rule? Then, if she just puts the rule, the court would then be looking at what... If there is a standard that's required... Let's say there is. Okay. Then, the court had cited to the sum evidence standard in Hill. May I finish the question? Sure, go ahead. The sum evidence standard, if a standard is required and some level evidence is necessary to take a violation to act on... That's notice, right? That's notice. Then, it would be the sum evidence standard, a modicum of evidence. And if that's the standard that's applied, that was clearly met there. Sure. Some evidence of what? What's the wrongdoing? You say there was some evidence of... Right. Some evidence to support the district court's decision to lift the abeyance. I'm saying, what did you do wrong? Yes. And in this situation, Your Honor, there was the fact of an arrest. The circumstances of the arrest were very concerning and involved Mr. Eguchi associating with a felon. That's all undisputed. And those facts are concerning in a situation where a defendant is on supervised release. By act of grace, he's been continuing out in the community. And so, something short of a violation in that situation should be sufficient for the court to then lift the violations out of abeyance. Even if the court didn't tell him that? Yes, Your Honor. That's what... I'm struggling with that. I mean, they charged him, again, with a sixth violation. Didn't prove out at all. So, essentially, for our purposes, he's back before the court. He has the same five admitted violations. You've got the abeyance there, and nothing has happened that Judge Mulway said was going to be an issue has occurred. So, does she just have the arbitrary right to determine it? I think you've kind of agreed that she doesn't have a completely arbitrary right. She can, and respectfully, Your Honor, she can revoke, lift the abeyance and revoke, absent any additional information. If she thinks that the circumstances didn't change, Mr. Iguchi hasn't proven himself to a level that warrants a continuation of the abeyance, then that should be still within her authority. So, no new process is required here at all from the government's perspective? The due process, Your Honor, is in 32.1, when Mr. Iguchi had notice of the violations that could result in replication of his supervised release. But with respect, counsel, you're skipping over what we're talking about here. We've gone through all that. He's got the five violations based on the parole officer's recommendation and her feeling at the time, Judge Mulway said, okay, I'm going to take a chance here. Don't be back here again, but I'm going to put these in abeyance. Nothing about what would be required to terminate it. He gets arrested. Turned out there was nothing to the charge at all. So, we're back where we started from again. I think your government is saying it doesn't matter. Judge Mulway could have for any reason colored the guy's shirt, what he had for breakfast, anything like that is enough to send him back to jail. Is that right? It would depend on the situation, Your Honor. What he had for breakfast. Pardon? What he had for breakfast. So, and it would depend on how long the abeyance had lasted, whether there was any expectation that was created at the time the court held the violations in abeyance, and then the ultimate decision to revoke and sentence him, Your Honor. If she said, you know what? I don't like what I had for breakfast. I'm revoking you and sentencing you to X. Nothing has changed. The reviewing court could then review whether in that situation was there an abuse of discretion for the district court to revoke and impose whatever period of imprisonment. Okay. Other questions? All right. Thank you very much. So, counsel, you have a little bit of rebuttal time. Thank you. I'd like to deal with this question of whether this was abeyance or whether it was just merely a continuation of the sentencing. You know, the court seems to indicate that they needed some change, and this is on page 120 of the electronic record 2. Now, as a practical matter, this is the court saying this, as a practical matter, we all know that probation officers, attorneys, and judges do not go around thinking every day, gee, I wonder if I should revoke Mr. Iguchi today, having held his violations in abeyance. I mean, some information has to cause people to revisit the matter. So that's what the judge said. That's what the judge said. So, obviously, something would have needed to change for her to revoke. What if, I'll have to go back and look at the transcript here, but what if the judge had said, as the government suggested, what if the court had said, as the government had suggested that the court did, that, you know, I'm sort of tempted to revoke you today because the violations you've admitted to are very serious. I think they warrant some additional incarceration. But, you know what, let's come back in three months. I'm going to just hold off on making a final decision. I'm going to be watching you, Mr. Iguchi, during this three-month interlude, but I'm going to continue this basically for three months out. If that had happened here, I assume that there would be no additional process the defendant would be due. The judge could just show up after the three months and, you know, maybe the kind of facts that occur here, where there's no provable violation, but, boy, it seems like you were kind of heading back into trouble. Couldn't the judge at that point just say, you know what, I've decided I am going to revoke after all? Well, I think the court is well within its right to continue sentencing to a later date. The court could say, you know what, I can't make a decision today. I don't know what I'm going to do. Let's continue this three months, and I'll make a decision then. And then I think the court has continued the sentencing versus making a decision to hold the violations in abeyance and see what happens. Still, at the continued sentencing hearing, if there were factual allegations that came up that the court was considering in imposing a sentence, those factual allegations still need to be proven by a preponderance of the evidence. Why would – I don't understand that. The judge has just said, I'm prepared today to revoke you and send you back to prison. But I'm going to pull off on that. You know, maybe I need to give this some more thought. Let me think about it for three months. You know, I'll just – I'm not going to tell you – I'm not going to list out all the conditions, Mr. Iguchi, but I'll just tell you that, you know, your conduct during this next three months could have some influence on what I ultimately decide to do. But just to be clear, whatever my decision is three months out, it's going to be based on the violations that you've already admitted to. I guess I don't see why in that scenario there would need to be proof of any particular facts. Because the defendant still has the constitutional right not to be sentenced on the basis of materially false or unreliable information. So if the court is going to consider subsequent allegations in imposing a sentence, those allegations need to be proven, just like any other allegation that a court considers at sentencing. Other questions? All right, thank you both, counsel. We appreciate it very much. It's an interesting case. That's it for Mr. Iguchi. Thank you.
judges: Graber, M. Smith, Watford